IN THE

## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

### In January Term, A. D. 1844, being the sixty-eighth year of our Independence.

---

### DILLARD'S ADM'RS vs. BAINES.

Where a case is brought from the Probate into the Circuit Court by appeal, the Circuit Court must hear the matter *de novo* on the exceptions taken, and give such judgment as should have been given by the Court of Probate; certifying its judgment to that court.

If, instead of doing this, it *remands* the case, with an order to the court of Probate to render a particular judgment, there is no final adjudication of the Circuit Court, on which an appeal or writ of error will lie to this Court.

BAINES exhibited to one of the administrators of Willis Dillard, deceased, a demand against the intestate, proved by the affidavit of himself and others, which was admitted, allowed and classed by the administrator, as belonging to the fifth class of demands payable out of the estate. The demand thus proved, admitted, allowed and classed, the defendant caused to be filed in the office of the clerk of the probate court of Hempstead county, and thereupon subsequently moved that court to class his demand, and cause the clerk to note the same of record; but the court refused to class it and overruled his

motion.　He excepted to the decision of the court, and prayed an appeal to the circuit court, which was granted.

The circuit court, on the adjudication of the appeal, decided that the probate court erred in refusing to class the claim, and adjudged "that this cause be, and the same is hereby, remanded back to the said probate court, and that said probate court proceed and class the claim of the said plaintiff against the said defendants, according to law."

*Conway B.*, for plaintiffs in error.　It is not competent for the court of probate to allow or class a claim against an estate, unless it has been properly authenticated, and legally probated, exhibited and allowed by the administrators.　*Vide Rev. St. p.* 81, *sec.* 83; *and sec.* 84 *and* 87, *p.* 80; *sec.* 76; *and page* 81, *sec.* 86.　It was error in the circuit court to order the probate court to class the claim.　It should have tried the matter *de novo,* and made the order and decision that should have been made by the probate court, and certified it down.　*Rev. St. p.* 96, *sections* 182–3.

*By the Court,* RINGO C. J.　This case has here proceeded to a final hearing and submission without any objection to its jurisdiction; but we are not thereby authorized to adjudicate it, if from the facts as shown by the transcript of the record certified to this court upon the return of the writ of error, no final adjudication of the circuit court appears to have been made in the cause; because no writ of error will lie without such adjudication, and until then this court has no jurisdiction of the case.

In the present case it seems to us perfectly manifest, from an inspection of the transcript certified and sent to this court upon the return of the writ of error, that there has been no final adjudication of the circuit court in the case, because that court, instead of adjudicating the matter *de novo,* and making such order and decision upon the premises as ought to have been made by the court of probate, and causing its judgment and decision to be certified to the court of probate, as it was required by law to do, upon sustaining the exceptions to the opinion of the court of probate (if indeed the appeal was well taken,

and the case one in which an appeal would lie, a question upon which we are not at this time called to express any opinion), simply remanded the case to the court of probate, and required that court to proceed to class the claim according to law, which was wholly unauthorized by law, and left the case without any final judgment or decision pronounced on it, remanded to a tribunal which, under the circumstances existing, (if the appeal was well taken) could take no cognizance of it whatever to adjudicate or determine it; and which, in respect thereto, had no power except to enter of record the decision, order, or judgment of the circuit court. *Rev. Stat. Ark. chap.* 4, *sections* 182–3.

This case appears to be in every essential part, so far as it depends upon the question we have been considering, similar to that of *Reagan et al. vs. Mitchell et al.*, decided by this court at the July term thereof, 1842, in which it was held that there was no final judgment or decision of the circuit court.

We are therefore clearly of the opinion that this court has no jurisdiction of the case.                          Writ dismissed.